MEMO ENDORSED

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: ______________
DATE FILED: 8/5/26

August 5, 2026

**By ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Truong v. Genalo et al.,* No. 26 Civ. 1206 (ALC)

Dear Judge Carter:

This Office represents the respondents (the "Government") in this habeas corpus action, in which the Court granted judgment for Petitioner. ECF No. 35. I write respectfully to request a stay of the briefing schedule on Petitioner's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 38. In the alternative, I respectfully request a two-week extension of time for the Government to respond to Petitioner's EAJA Motion, which will be the government's third request. On July 8, 2026, the Court ordered the Government to respond to Petitioner's motion for fees. ECF No. 42. On July 16, the Court granted the Government's motion for an extension of time. ECF No. 44. On July 28, the Government sought a second, consent request for extension of time, which is still pending. ECF No. 45. Petitioner opposes both requests because "[t]he purpose of these extensions was to allow [ICE] to explore a settlement so as to avoid the necessity of further litigation," and because he believes that a settlement offer is not forthcoming.

On June 29, 2026—just over seven weeks after Petitioner filed his motion—the Supreme Court granted certiorari in *Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026). The question presented in that case is whether habeas petitions challenging civil immigration detentions are "civil actions" for the purposes of the EAJA, 28 U.S.C. § 2412(d)(1)(A). Should the Supreme Court hold that habeas petitions are not "civil actions," that decision would be dispositive of Petitioner's fee motion.

In light of the pending decision in *Palacios*, a stay would be appropriate here. A stay serves the interest of judicial economy. Courts in this District "routinely stay[] cases 'when a higher court is close to settling an important issue of law bearing on the action.'" *Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22 Civ. 3256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) (quoting *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012)). Other courts in this District have recently issued stay orders on this issue. *See Garcia Montalban v. Genalo*, No. 26 Civ. 1808 (ER), ECF No. 49 (S.D.N.Y. July 30, 2026) (granting government's request to stay EAJA briefing pending decision in *Palacios* over objection from petitioner's counsel); *Salgado v. Francis*, No. 25 Civ. 6524 (VEC), 2026 WL 2123305, at *1 (S.D.N.Y. July 23, 2026) (same); *Martinez v. Joyce*, 25 Civ. 10376 (GBD) (BCM), 2026 WL 2059788 (S.D.N.Y. July 16, 2026) (granting unopposed stay motion, "[b]ecause *Palacios* could be dispositive of the fee motion

in this action, and because '[c]ourts regularly stay cases where an appeal in a related case will resolve (or at least greatly simplify) the issues in the stayed case'"). The Government is aware that this Court denied a similar motion in another case, *Ahmadi v. Francis*, No. 26 Civ. 154 (ALC), but nonetheless respectfully requests that the Court grant a stay here for the reasons discussed herein.

The countervailing interests are minimal. Petitioner's motion concerns monetary relief for counsel. It does not concern any injunctive or equitable relief for Petitioner, who was released from custody on April 28, 2026. ECF No. 36. A stay of Petitioner's attorney's EAJA fee motion would therefore impose no cognizable hardship on Petitioner. For these reasons, the Government respectfully requests a stay of the EAJA briefing schedule pending the decision in *Palacios*. If the Court declines to hold briefing on the EAJA motion in abeyance, the Government respectfully requests that the Court grant the Government's alternative request for a two-week extension of time to submit its response.

* * *

I thank the Court for its consideration of this submission, and request in the alternative.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: s/ *Tudor M. Neagu*
TUDOR M. NEAGU
Special Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (646) 906-5441
E-mail: tudor.neagu@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (by ECF)

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

The Government's request for a stay is DENIED. The Government has until 8/19/26 to submit their brief.

8/5/26